JONATHAN A. STIEGLITZ (SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Telephone:  (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff
Beverly Hills Regional Surgery Center, L.P.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Beverly Hills Regional Surgery Center, L.P.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Carefirst BlueCross Blue Shield et al. and DOES 1-10,<br><br>　　　　　Defendant. | Case No.: 2:22-cv-1217 RSWL-(MRW)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FRCP RULE 12(B)(2)) AND FAILURE TO STATE A CLAIM**<br><br>Date:　　　May 10, 2022<br>Time:　　　10:00 a.m.<br>Ct. Room: TBD<br>Judge:　　　Honorable Ronald S.W. Lew |

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. JURISDICTIONAL FACTS ..................................................................................2

III. LEGAL STANDARD ............................................................................................3

IV. ARGUMENT - PERSONAL JURISDICTION.....................................................4

    A.    The Court Has Specific Personal Jurisdiction Over Carefirst For All Causes Of Action .............................................................................4

        1.    Defendant Purposefully Availed Itself Of The Privilege Of Conducting Business In California .......................................5

            i.    Defendant Purposefully Availed Itself Of The Privilege Of Conducting Business In California By Affirmative Representations and Promises ......................6

            ii.    Carefirst Purposefully Directed Its Activities At The California Forum ......................................................................7

        2.    Plaintiff's Claim Arose Out Of Or Resulted From The Carefirst's Forum Related Activities..........................................8

        3.    Jurisdiction is Reasonable .......................................................9

    B.    Even Were Specific Jurisdiction Not Present For Each Cause Of Action (It Is), The Court Has Pendent Personal Jurisdiction Over Carefirst For All Causes Of Action ....................................................11

V. ARGUMENT – PLAINTIFF'S CLAIM FOR BENEFITS UNDER ERISA IS SUFFICIENTLY PLEADED ......................................................11

    A.    Legal Standard ................................................................................12

    B.    Plaintiff's Allegations Support A Claim For Benefits Under The ERISA Plan ...................................................................................12

VI. CONCLUSION....................................................................................................13

TABLE OF AUTHORITIES

**CASES**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*
   368 F.3d 1174, 1180-81 (9th Cir. 2004) ................................................................. 11

*Asahi Metal Industry Co. v. Superior Court of California, Solano County*
   480 U.S. 102 (1987) ................................................................................................... 5

*Aton Ctr., Inc. v. CareFirst BlueCross BlueShield*
   2020 U.S. Dist. LEXIS 138657, at *29 (S.D. Cal. Aug. 3, 2020) ........................... 6

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,*
   223 F.3d 1082 (9th Cir. 2000) ............................................................................. 4, 8

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985) ............................................................................................ 5, 11

*Data Disc, Inc. v. Sys. Technology Assocs., Inc,*
   557 F.2d 1280 (9th Cir. 1977) .................................................................................. 4

*Dole Food Co., Inc. v. Watts*,
   303 F.3d 1104 (9th Cir. 2002) .............................................................................. 3, 4

*Healthcare Ally Mgmt. of Cal., LLC v. Med. Mut. of Ohio*,
   2015 U.S. Dist. LEXIS 196130 (C.D. Cal. Jan. 26, 2015) ..................................... 6

*Healthcare Ally Mgmt. of Cal. v. Blue Cross Blue Shield of Mass.*
   2018 U.S. Dist. LEXIS 238787 (C.D. Cal. Sep. 10, 2018) .................................. 6, 7

*Healthcare Ally Mgmt. of Cal., LLC v. Blue Cross Blue Shield of Minnesota*
   787 F. App'x 417, 418 (9th Cir. 2019) ..................................................................... 7

*Healthcare Ally Mgmt. of Cal., LLC v. Blue Cross Blue Shield of Minnesota*
   2017 U.S. Dist. LEXIS 220011 (C.D. Cal. July 27, 2017) ..................................... 6

*Hirsch v. Blue Cross, Blue Shield of Kan. City*,
   800 F.2d 1474 (9th Cir. 1986) ................................................................................... 5

*Int'l Shoe Co. v. State of Wash.*,
   326 U.S. 310 (1945) ................................................................................................... 4

*Rocke v. Canadian Auto. Sport Club*
   660 F.2d 395 (9th Cir. 1981)..................................................................................3

*Roth v. Garcia Marquez*,
   942 F.2d 617 (9th Cir. 1991).........................................................................*passim*

*Shute v. Carnival Cruise Lines*
   897 F.2d 377 (9th Cir. 1988)................................................................................11

*Stoner v. Santa Clara Cnty. Office of Educ.*
   502 F.3d 1116 (9th Cir. 2007)..............................................................................12

*Yahoo! Inc. v. La Ligue Contre Le Racisme*
   433 F.3d 1199 (9th Cir. 2006)................................................................................8

*Women's Recovery Ctr., LLC v. Anthem Blue Cross Life & Health Ins. Co.*
   2022 U.S. Dist. LEXIS 26463, at *41 (C.D. Cal. Feb. 2, 2022)...........................11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Carefirst BlueCross BlueShield's ("Carefirst") Motion to Dismiss Plaintiff Beverly Hills Regional Surgery Center, L.P.'s ("Plaintiff") First Amended Complaint ("FAC") ("Carefirst's Motion") is without merit and premature. Carefirst removed this case to Federal Court alleging that the medical benefits plan between Patient KH and Carefirst (on which one of Plaintiff's causes of actions is based) is governed by the Employee Income Security Act of 1974 ("ERISA"). However, Carefirst did not provide Plaintiff a copy of the plan document ("ERISA plan") until *after* Plaintiff's filing of its First Amended Complaint ("FAC"). Based on this newly produced document, Plaintiff seeks to amend its complaint—in the concurrently pending Motion for Leave to Amend before this Court[1]—to allege the precise particularized facts Carefirst here argues were missing in the FAC rendering it (allegedly) insufficiently pleaded.[2] As a result of Plaintiff's Motion for Leave, even were Carefirst's arguments to have merit (they do not), Carefirst's Motion is moot.

However, even were Carefirst's Motion not moot (it is), Carefirst's Motion should still be denied.

Carefirst argues that Plaintiff's state law causes of action should be dismissed for lack of personal jurisdiction and that Plaintiff's ERISA cause of action is insufficiently pleaded. Carefirst acknowledges that it is subject to personal jurisdiction in California with respect to Plaintiff's cause of action seeking benefits pursuant to the ERISA Plan and so it seeks a different basis to avoid having to pay

---

[1] Plaintiff incorporates by reference all arguments and facts stated in the Motion for Leave.

[2] Plaintiff asked Carefirst if it would stipulate to an amendment of the FAC. Carefirst refused, noting that it would prefer motion practice.

- 1 -

for the medical services provided by Plaintiff. Carefirst's arguments are without merit. Carefirst is incorrect that it is not subject to personal jurisdiction with respect to Plaintiff's fraud, negligent misrepresentation and promissory estoppel causes of action, as Plaintiff only provided services to Patient KH based on Carefirst's affirmative representations and promises. Carefirst is also incorrect that Plaintiff's ERISA cause of action is insufficiently pled in the FAC[3], as Plaintiff asserts that Carefirst was obligated to pay Plaintiff based on Plaintiff's billed charges and the ERISA Plan demonstrates say the same. Assuming the Court agrees that Plaintiff's claim for benefits under ERISA is sufficiently pleaded, Plaintiff's state law claims should also not be subject to dismissal for lack of personal jurisdiction for the additional reason that the Court had pendent personal jurisdiction over them. The nucleus of facts for all of Plaintiff's causes of action are the same in that all of the causes of action connect to Plaintiff providing medical services to Patient KH.

Carefirst's Motion to Dismiss is entirely premature and even if the Court wishes to address the merits of Carefirst' Motion, Carefirst's Motion should be denied.

## II.  JURISDICTIONAL FACTS[4]

On February 26, 2019 at 9:28 a.m.—so as to determine whether or not to provide services to Patient KH, a California resident with a California driver's license—Plaintiff's employee, Terri, obtained affirmative representations from Carefirst's representative, Sam S. on behalf of ASRC Federal Holding's Co., LLC

---

[3] Plaintiff acknowledges that it would be preferred to quote the specific language and cite to the specific page number from the ERISA Plan, but at the time of the FAC, Plaintiff did not have a copy of the ERISA Plan.

[4] Plaintiff only asserts a portion of the relevant jurisdictional facts. There are additional facts alleged in the SAC and which can be provided via declaration that Plaintiff would assert if the Court grants Plaintiff leave to amend the FAC.

("ASRC"), a LLC registered with the California Secretary of State, regarding the manner in which Medical Provider would be paid for services.[5] Plaintiff called from California regarding a medical service to be provided in California. Defendant represented that the payment rate for a number of specific procedure codes would be based on usual customary and reasonable ("UCR") and not Medicare.

To be sure that Carefirst authorized and would be responsible for paying for the procedure set to be performed in California, Plaintiff called Carefirst again on April 15, 2019 and obtained authorization for the procedure.

On April 20, 2019, based on Carefirst's affirmative representations about the payment rate and that Carefirst authorized the procedure and would be responsible for paying for the procedure, Plaintiff provided medical services to Patient KH, a California resident with a California driver's license at Plaintiff's facility in Los Angeles, California.

Additionally, Patient KH assigned to Plaintiff any and all rights Patient KH might have had pursuant to the ERISA Plan. Carefirst failed to pay Plaintiff in accordance with its affirmative representations and promises or in accordance with the ERISA Plan.

### III. LEGAL STANDARD

Personal jurisdiction may be exercised in California over a nonresident defendant so long as it does not violate federal due process. *See Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981). While plaintiffs bear the burden to show that jurisdiction is proper, when the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima

---

[5] These jurisdictional facts and facts regarding ASRC are present in Plaintiff's Second Amended Complaint ("SAC") not in Plaintiff's FAC. As part of the Motion for Leave, Plaintiff seeks to add these jurisdictional facts and ASRC as a party.

- 3 -

facie showing of jurisdictional facts." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). All factual conflicts must be resolved in the plaintiff's favor. *Id.*; *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [plaintiff]'s version of events..."). "California has an interest in providing a forum for the companies doing business there" and defendants must be held accountable for their acts upon California in California courts. *Data Disc, Inc. v. Sys. Technology Assocs., Inc.*, 557 F.2d 1280, 1288 (9th Cir. 1977).

### IV. ARGUMENT – PERSONAL JURISDICTION

#### A. The Court Has Specific Personal Jurisdiction Over Carefirst For All Causes Of Action.

Under the Due Process Clause and the California long-arm statute, district courts may exercise personal jurisdiction over a non-resident defendant if the defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Dole Food*, 303 F.3d at 1110-11 (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)). Plaintiff has alleged in its FAC that Carefirst has at least "minimum contacts" with the State of California and has availed itself of the benefits of the State.

Carefirst itself acknowledges that is subject to personal jurisdiction with respect to Plaintiff's claim for benefits under ERISA. Mot. 1:18-19 n. 1 "GHMSI acknowledges…").

Plaintiff's causes of action for fraud, promissory estoppel, and negligent misrepresentation all stem from the affirmative representations and promises made by Carefirst to Plaintiff, a California medical provider, on February 26, 2019 and

April 15, 2019[6]. FAC ¶¶30-47. Based on Carefirst's affirmative representations and promises Plaintiff provided medical services to a California resident and California Driver's License holder in a California medical facility.[7] Plaintiff does not assert general jurisdiction, but rather bases its argument for personal jurisdiction over Carefirst under the doctrine of specific jurisdiction.

A court may exercise specific personal jurisdiction over a non-resident defendant who "purposefully avails itself of the privilege of conducting activities within the forum State," *Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S. 102, 109 (1987) (internal quotations omitted), and where a cause of action "arises out of or relates to" the non-resident defendant's contacts with the forum state, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Courts apply a three-part test to determine the existence of specific jurisdiction:

> (1) the nonresident defendant must have *purposely availed* himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claim must *arise out of* or result from the defendant's forum related activities; and (3) exercise of jurisdiction must be reasonable.

*Roth v. Garcia Marquez,* 942 F.2d 617, 620-21 (9th Cir. 1991) (citations omitted) (emphasis in original); *Hirsch v. Blue Cross, Blue Shield of Kan. City,* 800 F.2d 1474, 1477 (9th Cir. 1986).

Each of these requirements is satisfied in the present action. Plaintiff has made **at least** a prima facie case that Carefirst is subject to the jurisdiction of this Court and Carefirst does not present any evidence that would rebut that prima facie

---

[6] This additional call is alleged in the SAC and is not present in the FAC.

[7] These jurisdictional facts are alleged in the SAC and are not present in the FAC.

case.[8]

### 1. Defendant Purposefully Availed Itself Of The Privilege Of Conducting Business In California.

The "[p]urposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff." *Roth*, 942 F.2d at 621. "In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed *some type of affirmative conduct which allows or promotes the transaction of business within the forum state*." *Id*. (emphasis added).

#### i. Defendant Purposefully Availed Itself Of The Privilege Of Conducting Business In California By Affirmative Representations And Promises.

Carefirst, as an insurer, made affirmative representations and promises during at least two phone calls[9] with Plaintiff which led to Plaintiff providing medical services to Patient KH in California. FAC ¶¶ 30-47. Plaintiff accepted Carefirst's representations and promises regarding the manner in which Carefirst pays for medical services and that Carefirst would pay for medical services should Plaintiff provide them for Patient KH. *Id*. At the time, based solely on these representations and promises, Plaintiff accepted Carefirst's representations and promises and provided a facility for Patient KH's procedures, which took place on April 20, 2019. *Id*. These facts alone support purposeful availment on the part of Carefirst. *See Roth*, 942 F.2d at 621.

---

[8] Carefirst provides the declaration of one of its employees, but the declaration does not contradict any of the facts alleged in the FAC or SAC. The declaration merely evidences the ways in which Carefirst wants to show its lack of connection to California *generally*. However, the analysis here as discussed below is of a far more specific nature.

[9] Only one call is alleged in the FAC. Both calls are alleged in the SAC.

- 6 -

Carefirst argues that the calls between Plaintiff and Carefirst are insufficient to support personal jurisdiction. It is wrong. There are a number of cases which address this specific factual scenario and demonstrate that, where the facts are pleaded as here (specifically in the SAC), jurisdiction is proper. *See Aton Ctr., Inc. v. CareFirst BlueCross BlueShield*, 2020 U.S. Dist. LEXIS 138657, at *29 (S.D. Cal. Aug. 3, 2020); *Healthcare Ally Mgmt. of Cal. v. Blue Cross Blue Shield of Mass.* ("*Mass*"), 2018 U.S. Dist. LEXIS 238787, at *13 (C.D. Cal. Sep. 10, 2018); *Healthcare Ally Mgmt. of Cal., LLC v. Blue Cross Blue Shield of Minn.* ("*Minnesota*"), 2017 U.S. Dist. LEXIS 220011, at *17 (C.D. Cal. July 27, 2017); *Healthcare Ally Mgmt. of Cal. v. Med. Mut. of Ohio* ("*Medical Mutual*"), 2015 U.S. Dist. LEXIS 196130, at *15 (C.D. Cal. Jan. 26, 2015). In two of the cases the courts determined that there was no personal jurisdiction and in the remaining two the courts determined there was personal jurisdiction. As discussed at length in *Mass* and as noted in both *Aton* and *Minnesota*, the key issue was the substance of the calls themselves. Where the evidence or allegations demonstrates that the calls are for "affirmative" representations and promises, then personal jurisdiction is proper. *See Aton*, 2020 U.S. Dist. LEXIS 138657, at *29 *comparing Mass*, 2018 U.S. Dist. LEXIS 238787, at *13 ("affirmatively promised") *with Minnesota*, 2017 U.S. Dist. LEXIS 220011, at *17 ("no affirmative promises")[10].

Here, like in *Mass*, Carefirst confirmed via telephone calls that Plaintiff was authorized to render medical care to Patient KH in a California facility, and affirmatively represented and promised to pay Plaintiff at the UCR rate for such

---

[10] The Ninth Circuit affirmed the district court's decision by agreeing to the same. *See Healthcare Ally Mgmt. of Cal., LLC v. Blue Cross Blue Shield of Minn.* ("*Minnesota Appeal*"), 787 F. App'x 417, 418 (9th Cir. 2019) ("Blue Cross did not promise to pay for the patients' medical services during these calls, but instead merely confirmed that the patients were covered by the policies.")

services. *See Mass*, 2018 U.S. Dist. LEXIS 238787, at *13.

As the evidence and allegations support that Carefirst made affirmative representations and promises to Plaintiff, Plaintiff has shown that Carefirst purposefully availed itself of the California forum.

### ii. Carefirst Purposefully Directed Its Activities At The California Forum.

"In tort cases, we typically inquire whether a defendant purposefully directs his activities at the forum state, applying an "effects" test that focuses on the forum in which the defendant's actions were felt…" *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). "To meet the effects test, the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Bancroft,* 233 F.3d at 1087.

With respect to Plaintiff's fraud cause of action, Plaintiff alleges and provides evidence that Carefirst intentionally misrepresented that it would pay for the medical services provided to Patient KH and intentionally misrepresented that the payment rate was based on UCR when Carefirst knew the payment rate was based on Medicare.[11] These representations were directed at a California medical provider and the California forum. And these representations caused harm in the California forum.

---

[11] Carefirst argues based on the *Minnesota Appeal* that Plaintiff's fraud claim does not subject Carefirst to personal jurisdiction. Carefirst, misreads the case as the case never addresses a tort of fraud in connection with an insurer or an insurance entity's affirmative representations. In that case, the plaintiff asserted a cause of action under a statute obligating an insurer to pay for emergency medical services in California. There were no assertions of affirmative representations.

### 2. Plaintiff's Claim Arose Out Of Or Resulted From The Carefirst's Forum Related Activities.

Next, Plaintiff's causes of action arise out of Carefirst's affirmative representations promises to pay for services rendered, and which were in fact rendered, in California. FAC ¶¶30-47. Promising and representing that payment will be made for medical services to be provided solely in California by a California medical provider have a direct economic effect in California which satisfy the test for Carefirst's forum related activities. *See Roth*, 942 F.2d at 622; *see also Hoopeston Canning Co. v. Cullen*, 318 U.S. 313, 316 (1943) (requiring an analysis of contemplated future consequences within a forum in determining the sufficiency of contacts with the forum). It was these contacts with California from which Plaintiff's harm arises. *See Roth*, 942 F.2d at 622 (finding Mr. Roth's presence in California at the time of contract negotiation and signing sufficient to satisfy the second prong of specific jurisdiction).

### 3. Jurisdiction Is Reasonable.

The last prong in a determination of specific personal jurisdiction is reasonableness. Reasonableness is determined by evaluating the following 7 factors, none of which is dispositive:

> 1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on the defendant; 3) conflicts of law between the forum and defendant's home jurisdiction; 4) the forum's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the dispute; 6) the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum.

*Roth,* 942 F.2d at 623.

Here, the factors strongly weigh in favor of a finding of personal jurisdiction over Carefirst. The first factor leans in favor of Carefirst by virtue of the earlier

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

finding of "purposeful availment." *See Roth*, 942 F.2d 617.[12] The second factor similarly points to a finding of personal jurisdiction. Although a burden will be placed on Carefirst to litigate in California, it is no more cumbersome than the ordinary burden of litigation. Carefirst is an insurer with sufficient resources to obtain counsel in any state. Additionally, as a large corporation it would not be overburdened by out-of-state litigation and could reasonably have expected that its insureds would need healthcare in places other than the states in which it is located. As a large insurance company the burden on Carefirst would be significantly less to litigate this matter here in California then it would be for Plaintiff, located solely in California, to litigate in the District of Columbia. The fourth factor, the forum state's interest in the adjudication, is the strongest for finding reasonableness. It is of great interest to California that its medical providers should be protected from out-of-state insurance companies and that persons and entities providing services in California will not be forced to travel outside of California to vindicate their rights and legal claims. The fifth factor of efficient judicial resolution also favors California. Although Carefirst claims that all of the actions or inactions occurred in the District of Columbia, Carefirst's Mot. 16:20-22, this is simply not the case. Because the basis for the fraud, negligent misrepresentation and promissory estoppel causes of action are not about the adjudication of benefits, but rather about the procedure that was performed based on Carefirst's affirmative representations and promises of payment, a significant portion of the documents and witnesses are located here in California at Medical Provider's facility. The sixth factor clearly supports a finding of reasonableness as California is undoubtedly the most convenient forum for Plaintiff.

Additionally, "[o]nce purposeful availment has been established, the forum's

---

[12] And Purposeful Direction.

- 10 -

1  exercise of jurisdiction is *presumptively reasonable*." *Roth*, 942 F.2d at 625; *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 386 (9th Cir. 1988) (same). "To rebut that presumption, a defendant 'must present a *compelling* case' that the exercise of jurisdiction would, in fact, be unreasonable." *Shute*, 897 F.2d at 386 (quoting *Burger King*, 471 U.S. at 476) (emphasis added). As Carefirst fails to overcome this presumption, reasonableness is presumed.

### B. Even Were Specific Jurisdiction Not Present For Each Cause Of Action (It Is), The Court Has Pendent Personal Jurisdiction Over Carefirst For All Causes Of Action.

"Pendent personal jurisdiction is typically found where one or more federal claims for which there is nationwide personal jurisdiction are combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180-81 (9th Cir. 2004).

"Under this doctrine, a court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery Corp.*, 368 F.3d at 1180.

Here, Carefirst acknowledges that this Court has personal jurisdiction of Plaintiff's claim for benefits under ERISA. Mot. 1:18-19 n. 1 "GHMSI acknowledges…"). The nucleus of facts with respect to all of Plaintiff's causes of action is the same. Plaintiff provided medical services to Patient KH for which Plaintiff seeks to be properly compensated. As a result, this Court

This Court has Pendent Personal Jurisdiction over Plaintiff's state law causes of action and for this separate reason. *See Women's Recovery Ctr., LLC v. Anthem Blue Cross Life & Health Ins. Co.*, 2022 U.S. Dist. LEXIS 26463, at \*41 (C.D. Cal. Feb. 2, 2022) (indicating that there is pendent personal jurisdiction as the ERISA

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

plans just not as to the "non-ERISA plans").

## V. ARGUMENT – PLAINTIFF'S CLAIM FOR BENEFITS UNDER ERISA IS SUFFICIENTLY PLEADED

### A. Legal Standard

For the purpose of reviewing a complaint upon a motion to dismiss, "all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Dismissal of the complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1121 (9th Cir. 2007) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)).

### B. Plaintiff's Allegations Support A Claim For Benefits Under The ERISA Plan.

Plaintiff alleges "that according to Patient's Plan, Defendant was obligated to pay Medical Provider the 'Max Allowed Amount' or 'Allowed Amount' and that said amount was determined based on Medical Provider's billed charge" FAC ¶54. The ERISA Plan defines "Allowed Benefit" For a "Non-Preferred hospital or health care facility: For a hospital or health care facility that has not contracted with CareFirst, the Allowed Benefit for a Covered Service is based upon the lower of the provider's **actual charge** or established fee schedule..." (emphasis added). *See* Carefirst's Request for Judicial Notice in Support of Motion to Dismiss, p 5.[13] Carefirst argues that the ERISA Plan does not say that it will make payment based on Plaintiff's billed charge because Carefirst has "the option to use a variety of different methodologies' to calculate out-of-network benefits choices." Mot. 18:24-25. Carefirst claims on this basis that Plaintiff's claim for benefits is insufficiently

---

[13] Numbered page 4 at the bottom of the ERISA Plan.

- 12 -

alleged. Carefirst is wrong.

Plaintiff may not have quoted the language of the Patient's plan verbatim in the FAC, but as evidenced from Carefirst's own quotation to the ERISA Plan, Plaintiff's allegation is ***at least colorably*** correct. Carefirst even admits that Carefirst could be obligated to pay based on Plaintiff's billed charge. *See* Mot. 18:18-19 ("such as billed charges"). By the very language quoted by Carefirst, it is entirely possible that Carefirst was obligated to pay Plaintiff under the terms of the ERISA Plan based on Plaintiff's billed charge. Discovery will be necessary to determine if Carefirst was in fact obligated to pay billed charges or something else under the ERISA Plan, but by the very language quoted by Carefirst billed charges was certainly a possible method by which Carefirst may have been obligated to pay for Plaintiff's services.

Carefirst's own argument is contradicted by the very language of the ERISA Plan from which Carefirst quotes. Carefirst's argument fails.

## VI. CONCLUSION

Under the facts as articulated in Plaintiff's FAC, Plaintiff has sufficiently alleged its claim for ERISA benefits and this Court may properly exercise personal jurisdiction over Carefirst for Plaintiff's state law causes of action either based on the facts as alleged in the FAC or pendent personal jurisdiction.

Respectfully submitted,

Dated: April 19, 2022

*/s/* Jonathan A. Stieglitz
Jonathan A. Stieglitz
THE LAW OFFICES OF JONATHAN A. STIEGLITZ

*Attorney for Plaintiff Beverly Hills Regional Surgery Center, L.P.*

- 13 -