1  William E. von Behren, State Bar No. 106642
   bvonbehren@vbhlaw.com
2  Carol B. Lewis, State Bar No. 130188
   clewis@vbhlaw.com
3  VON BEHREN & HUNTER LLP
   2041 Rosecrans Avenue, Suite 367
4  El Segundo, CA 90245
   Telephone: (310) 607-9111
5  Facsimile: (310) 615-3006

6  Attorneys for Defendant
   Group Hospitalization and Medical Services, Inc.
7  d/b/a CareFirst BlueCross BlueShield, erroneously
   sued herein as CareFirst BlueCross and BlueShield

8

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 BEVERLY HILLS REGIONAL            Case No. 2:22-cv-1217-RSWL-MRW
   SURGERY CENTER, L.P.
13                                   **MEMORANDUM OF POINTS AND**
            Plaintiff,               **AUTHORITIES IN REPLY TO**
14                                   **PLAINTIFF'S OPPOSITION TO**
        v.                           **DEFENDANTS' MOTION TO**
15                                   **DISMISS FOR LACK OF PERSONAL**
   CAREFIRST BLUECROSS AND           **JURISDICTION AND FAILURE TO**
16 BLUESHIELD AND DOES 1-10,         **STATE A CLAIM**

17          Defendant.
                                     Date:  May 10, 2022
18                                   Time: 10:00 a.m.
                                     Ctrm.: TBD
19

20

21

22       Defendant Group Hospitalization and Medical Services, Inc. d/b/a CareFirst

23 BlueCross BlueShield, erroneously sued herein as CareFirst BlueCross and BlueShield

24 ("GHMSI") respectfully submits this Reply to Plaintiff's Opposition to GHMSI's

25 Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim.

26

27

28

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

TABLE OF CONTENTS

Page

I.   INTRODUCTION ...................................................................................2

II.  **ARGUMENT** .........................................................................................3

    A.   Plaintiff Cannot Establish Purposeful Availment Or Direction ...............................................................................................3

        **1.**   The Alleged Telephonic Communications Between Plaintiff and GHMSI Are Not Sufficient to Trigger Specific Jurisdiction ................................................................3

        **2.**   Plaintiff's Other So-Called "Jurisdictional Facts" Are Insufficient ...............................................................................7

        **3.**   Plaintiff Cannot Establish the Second Prong of Personal Jurisdiction .............................................................9

        **4.**   Plaintiff Fails to Establish That the Exercise of Jurisdiction Would Be Reasonable .........................................10

    B.   This Court Should Decline to Exercise Pendent Personal Jurisdiction .......................................................................................11

    C.   Plaintiff's ERISA Claim for Relief Is Deficient..................................12

III.  CONCLUSION .....................................................................................14

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

- i -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
  368 F.3d 1174 (9th Cir. 2004) ...................................................................... 11

*Allegiant Physicians Servs., Inc. v. Sturdy Mem'l Hosp.*,
  926 F. Supp. 1106 (N.D. Ga. 1996) .............................................................. 6

*Aton Ctr., Inc. v. CareFirst BlueCross BlueShield*,
  2020 WL 4464482 ............................................................................ 5, 8, 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................... 13

*Healthcare Ally Mgmt. of Ca., LLC v. Blue Cross Blue Shield of Mass.*,
  2018 WL 6340756 (C.D. Cal. Sept. 10, 2018) .............................. 3, 4, 5, 7

*Healthcare Ally Mgmt. of California, LLC v. Blue Cross Blue Shield of Minnesota*,
  2018 WL 5880743 (C.D. Cal. June 6, 2018) ................................................ 8

*Healthcare Ally Mgmt. of California, LLC v. Med. Mut. of Ohio*,
  2015 WL 12746216 (C.D. Cal. Jan. 26, 2015) ............................... 3, 4, 5, 7

*Hirsch v. Blue Cross Blue Shield of Kansas City*,
  800 F.2d 1474 (9th Cir. 1986) ...................................................................... 8

*Hoopeston Canning Co. v. Cullen*,
  318 U.S. 313 (1943) .................................................................................. 9, 10

*Hunt v. Erie Ins. Group*,
  728 F.2d 1244 (9th Cir. 1984) ...................................................................... 8

*In re JPMorgan Chase Derivative Litig.*,
  2014 WL 5430487 (E.D. Cal. Oct. 24, 2014) ............................................. 12

*Mem'l Hosp. Sys. v. Blue Cross & Blue Shield of Arkansas*,
  830 F. Supp. 968 (S.D. Tex. 1993) ............................................................... 6

*Peterson v. Kennedy*,
  771 F.2d 1244 (9th Cir. 1985) .................................................................. 4, 5

*Roth v. Garcia Marquez*,
  942 F.2d 617 (9th Cir. 1991) ........................................................................ 9

*Seldin v. HSN, Inc.*,
  2018 WL 3570308 (S.D. Cal. 2018) ............................................................. 7

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990) ...................................................................... 7

*St. Luke's Episcopal Hosp. v. Louisiana Health Serv. & Indem. Co.*,
  2009 WL 47125 (S.D. Tex. Jan. 6, 2009) .................................................... 6

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO
STATE A CLAIM

TABLE OF AUTHORITIES (cont.)

Page(s)

*Thomas v. Or. Fruit Prods. Co.*,
 228 F.3d 991 (9th Cir. 2000) ................................................................... 12
*Walden v. Fiore*,
 134 S. Ct. 1115 (2014) ........................................................................... 2, 9
*Werner v. Multiply Media,* LLC,
 No. CV 20-4240-RSWL-JEMX, 2021 WL 5751460 (C.D. Cal. Jan. 8, 2021)........ 7
*Wiegering v. Blue Cross and Blue Shield of Massachusetts, Inc.*,
 2017 WL 1294907 ..................................................................... 6, 8, 10, 11
*Women's Recovery Center, LLC v. Anthem Blue Cross Life and Health Insurance
 Company, et al.*,
 2022 WL 757315 (C.D. Cal. Feb, 2, 2022) ........................................... 5, 6
*Zamora v. Solar*,
 2016 WL 3512439 (C.D. Cal. June 27, 2016.)...................................... 13

State Cases

*Elkman v. Nat'l States Ins. Co.*,
 173 Cal. App. 4th 1305(2009) ................................................................. 8

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

## I.    INTRODUCTION.

The focus of a motion to dismiss for lack of personal jurisdiction is "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citations omitted).  Plaintiff's opposition to GHMSI's motion to dismiss, however, largely focuses on its own presence in the forum state, and its assertion that GHMSI "insured" a California resident who received health care services in California.  Aside from the fact that Plaintiff's characterization of GHMSI as the "insurer" is false (Declaration of Kim Rothman ("Rothman Decl."), ¶¶9 and 30, Dkt. 13-1.), Plaintiff's contention in this regard ignores its own express allegation that its state law claims do not arise from the patient's health plan. (FAC, ¶ 5.)  Moreover, Plaintiff does not offer any competent admissible evidence to rebut the fact that all of GHMSI's administrative activities for the Plan were performed outside of the forum state.

Plaintiff also focuses on the benefits information that was allegedly provided by a GHMSI customer service representative in response to an inquiry by Plaintiff during a telephone call that was indisputably initiated by Plaintiff.  Plaintiff contends that such statements are sufficient to trigger specific personal jurisdiction over GHMSI.[1] Plaintiff's argument rests almost entirely on two opinions issued by one district court judge, but as set forth below, however, those cases were incorrectly decided and are outliers. The great weight of authority holds that an out-of-state health plan does not subject itself to specific jurisdiction by verifying health plan benefits or by authorizing services to be rendered in the forum state.

Plaintiff also argues that, in the alternative, the Court should, in its discretion, exercise pendant personal jurisdiction over the state law claims, because the Court has personal jurisdiction over GHMSI with respect to the ERISA claim, and there is a

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

---

[1] Plaintiff concedes that this Court does not have general jurisdiction over GHMSI. (Opposition at p. 5.)

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

1  common nucleus of operative facts between the ERISA claim and its state law claims

2  for relief. (Opposition at pp. 1 and 10.)  But the FAC tells a different story.  In an effort

3  to avoid ERISA preemption, Plaintiff alleges that the circumstances giving rise to its

4  state law claims from relief are wholly "irrelevant" to the Plan and to the circumstances

5  giving rise to its ERISA claim. (FAC, ¶¶21 and 47.) Plaintiff's position is thus

6  disingenuous, and pendant personal jurisdiction is not appropriate in this case.

7      And lastly, as set forth below, Plaintiff's ERISA claim – the purported anchor

8  claim for Plaintiff's state law claims for relief, is insufficiently alleged.

9

10 **II.    ARGUMENT.**

11      **A.    Plaintiff Cannot Establish Purposeful Availment Or Direction**.

12          **1.    The Alleged Telephonic Communications Between Plaintiff**

13              **and GHMSI Are Not Sufficient to Trigger Specific**

14              **Jurisdiction**.

15      Plaintiff does not challenge any of the factual matters set forth in the Declaration

16 of Kim Rothman, which clearly establish that GHMSI neither availed itself of the

17 privilege of doing business in California nor purposely directed its activities to the

18 forum state.

19      Instead, Plaintiff's jurisdictional argument relies on two opinions issued by the

20 same district court judge: *Healthcare Ally Mgmt. of Ca., LLC v. Blue Cross Blue Shield*

21 *of Mass*., 2018 WL 6340756, at *5 (C.D. Cal. Sept. 10, 2018) ("*BCBSMA*") and

22 *Healthcare Ally Mgmt. of California, LLC v. Med. Mut. of Ohio*, 2015 WL 12746216,

23 at *3 (C.D. Cal. Jan. 26, 2015) ("*Medical Mutual*"). Therein, the Hon. S. James Otero

24 held that statements made during verification of benefit telephone calls were

25 "affirmative representations" for purposes of establishing purposeful availment and

26 direction. (Opposition at pp. 6-7.)  With all due respect to Judge Otero, both *BCBSMA*

27 and *Medical Mutual* were wrongly decided.

28

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

1    In *BCBSMA,* 2018 WL 6340756 at *4, the court acknowledged that, as a general

2  matter, the ordinarily use of the mails, telephone, or other communications with the

3  forum state do not qualify as purposeful activity invoking the benefits and protection

4  of the forum state, citing *Peterson v. Kennedy*, 771 F.2d 1244 (9th Cir. 1985).  Judge

5  Otero, however went on to conclude that *Peterson* was distinguishable from the case

6  before him because the health plan's actions went beyond "merely responding to

7  Medical Provider's telephonic inquiries about Patient's insurance policy or mailing

8  correspondence related to payment."   Judge Otero reasoned that "[h]ere, Defendant

9  used the telephone medium to confirm that Medical Provider was authorized to render

10  Medical Care to Patient in a California facility, and affirmatively promised to pay

11  Medical Provider at 70% of the UCR rate or such services." *Id*. at *4.[2]  But the

12  statements in *BCBSMA* that Judge Otero characterized as "affirmative statements" for

13  purposes of conferring specific jurisdiction are no different in nature than the

14  statements that the Ninth Circuit in *Peterson* found to be insufficient for purposes of

15  conferring specific jurisdiction.

16    In *Peterson*, a Washington D.C. attorney for the professional football players'

17  union successfully argued that the nature of his contacts with California were

18  insufficient as a matter of law to enable the district court to exercise limited personal

19  jurisdiction over him. *Id*. at 1262.   In that case, the attorney responded to a telephonic

20  inquiry by the Plaintiff, a former football player, about filing a grievance against his

21  former team. According to the Plaintiff, the attorney provided him with

22  misinformation (an affirmative representation), which ultimately led to the dismissal

23  of his grievance against his former football team. *Peterson*, 771 F.2d at 1249-1250.

24  The court held that that the attorney's telephone call to the forum state in response to

25  a specific inquiry by the plaintiff, in which the disputed information was conveyed,

26  _____

27  [2] Judge Otero's discussion of specific jurisdiction and *Peterson* in the *Medical Mutual* case is similar to his discussion in *BCBSMA*.

28
- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
FAILURE TO STATE A CLAIM

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

legally insufficient to enable the court to exercise personal jurisdiction over the non-resident attorney. *Id*. at 1262. This case is no different than *Peterson*. Plaintiff does not dispute it reached out to a GHMSI customer service representative by telephone to inquire about the patient's health plan benefits. And just like the circumstances in *Peterson*, the customer service representative telephonically conveyed allegedly inaccurate information in response to that inquiry about the level of benefits provided under the patient's plan for the health care services at issue.

Fundamentally, the vast majority of courts addressing similar disputes between health care providers and health plans are at odds with the conclusion reached in *BCBSMA* and *Medical Mutual*. For example, in *Aton Ctr., Inc. v. CareFirst BlueCross BlueShield,* 2020 WL 4464482, at *3 and *9 (S.D. Cal. Aug. 3, 2020), much like the case here, a California based provider alleged that GHMSI and two other CareFirst affiliates represented (*i.e.*, affirmative representations) during verification of benefits ("VOB") calls that the patients' plans' ". . . provided for and Defendants would pay for inpatient treatment, based on the usual, customary and reasonable rate. . .." *Id*. at *2. The court specifically found that ". . . the VOB phone calls from Plaintiff to Defendant fail to show that Defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State...." Id. at *8. Notably, the court in *Aton* referenced the *BCBSMA* case, but reached the opposite conclusion, implicitly rejecting it.[3]

More recently, multiple California-based substance abuse providers recently lost a personal jurisdiction challenge against two other CareFirst affiliates in a provider reimbursement case alleging facts similar to those alleged here. In *Women's Recovery Center, LLC v. Anthem Blue Cross Life and Health Insurance Company*, *et al*., 2022

---

[3] Moreover, in *BCBSMA* and *Medical Mutual*, Judge Otero focused on the "future consequences" of an alleged oral and implied contract between a California provider and the health plan. BCBSMA at *5, and *Medical Mutual* at *5. Here, in contrast, Plaintiff does not allege an oral or implied contract between it and GHMSI.

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

WL 757315 (C.D. Cal. Feb, 2, 2022), much like the case here, Plaintiffs alleged that it was underpaid for substance abuse treatment and other health care services rendered enrollees in Plaintiffs' California-based facilities. There, like here, Plaintiffs alleged that the defendants promised, but failed, to pay varying percentages of their covered (*i.e.*, billed) charges during verification of benefits calls, and in communications made thereafter. *Id*. at \*8.  Despite the allegations of the operative pleading, the court ruled that Plaintiffs failed establish that the court had specific jurisdiction over the CareFirst defendants. Id. at \*10-\*12.

Courts in other jurisdictions have also held that a health plan's act of verifying health plan benefits and authorizing treatment are not sufficient to trigger personal jurisdiction.  *See Wiegering v. Blue Cross and Blue Shield of Massachusetts, Inc.*, 2017 WL 1294907 (S.D. Fla. Feb. 2, 2017 (in a provider reimbursement dispute, a Florida-based provider failed to establish that the court had specific jurisdiction over an out-of-state third-party claim administrator of a self-funded employee benefit plan.  There, like here, the provider alleged that the health plan promised, but failed, to pay the usual and customary rate for each of the services at issue.); *St. Luke's Episcopal Hosp. v. Louisiana Health Serv. & Indem. Co.*, 2009 WL 47125, at \*5 (S.D. Tex. Jan. 6, 2009) ("The weight of authority, however, holds that an out-of-state insurer does not subject itself to personal jurisdiction in a forum state by verifying coverage for treatment of the insured in that state and paying some of the bills for that treatment.); *Mem'l Hosp. Sys. v. Blue Cross & Blue Shield of Arkansas*, 830 F. Supp. 968, 974 (S.D. Tex. 1993) (allegedly providing inaccurate benefit information during a phone call did not establish personal jurisdiction over insurer); *cf. Allegiant Physicians Servs., Inc. v. Sturdy Mem'l Hosp.*, 926 F. Supp. 1106, 1114 (N.D. Ga. 1996) (holding telephone negotiations between an out-of-state hospital and an anesthesia service company did not create personal jurisdiction over hospital).

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

1    In summary, the weight of authority on the issue supports the conclusion that

2 the *BCBSMA* and *Medical Mutual* cases relied upon by Plaintiff are outliers, and that

3 merely responding to VOB calls from the provider does not trigger personal

4 jurisdiction over an out-of-state health plan.

5    **2.    Plaintiff's Other So-Called "Jurisdictional Facts" Are**

6    **Insufficient**.

7    In addition to the alleged communications with Plaintiff, Plaintiff identifies

8 other "jurisdictional facts" to support its position that there was purposeful availment

9 and direction. Such facts include the patient's California residence and alleged

10 possession of California driver's license.    Plaintiff also points to GHMSI's

11 performance of claim administrative services on behalf of ASRC Federal Holding

12 Company LLC ("ASRC"), a limited liability company that is "registered" in the State

13 of California,[4] and to the fact that the services were provided by a California provider

14 in California.

15    The fact that ASRC is registered in California does nothing to establish personal

16 jurisdiction over GHMSI.  It is well settled in the Ninth Circuit that a plaintiff must

17 establish personal jurisdiction against each defendant individually. *Sher v. Johnson*,

18 911 F.2d 1357, 1365 (9th Cir. 1990) ("jurisdiction over each defendant must be

19 established individually."); *Seldin v. HSN, Inc.*, 2018 WL 3570308 (S.D. Cal. 2018)

20 (rejecting Plaintiff's grouping of defendants together to establish personal

21 jurisdiction.)  Thus, Plaintiff cannot rely upon whatever contacts ASRC may have with

22 the forum state as a means to bootstrap personal jurisdiction over GHMSI.

23

24 [4] What makes Plaintiff's statement in this regard less than forthright is the fact that
ASRC is not a California-based company, but is, in fact, based in Maryland and
25 Virginia, a fact that Plaintiff fails to mention. https://www.asrcfederal.com.  And, as
this Court recently held, a non-resident limited liability company is not at home in the
26 forum state for purposes of general jurisdiction merely because it is registered to do
business in the State of California. *Werner v. Multiply Media,* LLC, No. CV 20-4240-
27 RSWL-JEMX, 2021 WL 5751460, at *3 (C.D. Cal. Jan. 8, 2021).

28

- 7 -

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

1      Likewise, none of the other "jurisdictional facts" cited by Plaintiff in its

2  opposition brief are sufficient to give rise to personal jurisdiction over GHMSI.  *See*

3  *e.g., Hunt v. Erie Ins. Group*, 728 F.2d 1244, 1245 (9th Cir. 1984) (holding that a

4  health plan does not avail itself of the privilege of doing business in a particular state

5  simply because the insured or member chose a medical provider in that particular

6  forum.); *Healthcare Ally Mgmt. of California, LLC v. Blue Cross Blue Shield of*

7  *Minnesota*, 2018 WL 5880743, at *3 -*6 (C.D. Cal. June 6, 2018), *aff'd*, 787 F. App'x

8  417 (9th Cir. 2019) (in a reimbursement dispute, the court rejected the contention by

9  an assignee of two California providers that the court had specific jurisdiction over an

10 out-of-state health plan in connection with claims relating to services rendered to

11 California residents, where the patients' plans were self-funded, and the out-of-state

12 health plan administered, but did not insure the patients' plan benefits.)[5]; *Weigering*,

13 2017 WL 1294907 at *7-*9 (same); *Elkman v. Nat'l States Ins. Co.*, 173 Cal. App. 4th

14 1305, 1321(2009) (health plan's remittance of payment to California was insufficient

15 to trigger specific personal jurisdiction.) *Aton*, 2020 WL 4464482, at *3 and *9

16 (rejecting Plaintiff's contention that the CareFirst Defendants availed themselves of

17 the privilege of doing business in California by engaging in verification of benefit

18 phone calls with the provider, issuing some payments for the provider's substance

19

20

---

21 [5] To the extent that Plaintiff relies on *Hirsch v. Blue Cross Blue Shield of Kansas City*,
22 800 F.2d 1474, 1478 (9th Cir. 1986) to argue that the residence of the patient is
   determinative, Plaintiff is wrong. In *Hirsch*, the court found that that an out-of-state
23 health plan subjected itself to jurisdiction in California because the health plan issued
   a fully insured group health plan to a company in which employees residing in
24 California were enrolled, and the health plan received premiums that were deducted
   from the paychecks of those California-based employees. In short, the court found that
25 the health plan's actions in agreeing to provide health plan coverage to, and collecting
   premiums from, California residents were sufficient to trigger personal jurisdiction.
26 Here, in contrast, GHMSI did not issue the Plan or insure Plan benefits. The Plan is
   self-funded, and GHMSI is the third-party administrator of the Plan. GHMSI does not
27 receive premiums or determine which members are eligible to enroll in the Plan.
   (Rothman Decl. ¶¶30-34.)  Plaintiff does not offer any evidence to suggest otherwise.

28

- 8 -

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
FAILURE TO STATE A CLAIM

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

1  abuse treatment services rendered in California, and refusing to pay the amount alleged

2  to be due.).

### 3.    **Plaintiff Cannot Establish the Second Prong of Personal Jurisdiction.**

5      Plaintiff does not controvert GHMSI's evidence that all of its administrative

6  activities for the Plan occurred outside of California. (Rothman Decl., ¶¶30 and 35.)

7  Rather, Plaintiff simply argues that its state law causes of action arise out of GHMSI's

8  forum-related activities because there were "future consequences" in California, in that

9  the health care services were rendered in California and GHMSI's alleged actions had

10 an economic impact in California. (Opposition at p. 9.)  However, the mere fact that

11 an alleged injury occurs in the forum state does not satisfy this factor because the

12 "proper question is not where the plaintiff experienced a particular injury or effect but

13 whether the defendant's conduct connects him to the forum in a meaningful way."

14 *Walden v. Fiore*, 134 S. Ct. 1115, 1121. 1125 (2014).  Notably, Plaintiff fails to address

15 *Walden* in its opposition brief.

16     Instead, Plaintiff relies on *Roth v. Garcia Marquez*, 942 F.2d 617 (9th Cir. 1991)

17 and *Hoopeston Canning Co. v. Cullen*, 318 U.S. 313, 316 (1943) to support its position

18 that the claims arise out of GHMSI's forum-related activities. Both of these cases,

19 however, are inapposite.  Unlike the case here, *Roth* involved a breach of contract

20 action, and the long-term future consequences of an ongoing contract. *Id*. at 622. The

21 dispute in *Roth* concerned a contract that, if executed, would have required substantial

22 work in California and as to which the defendant would receive a share of the profits.

23 *Id*.  Here, there is no contract between GHMSI and Plaintiff, and none is alleged.

24     The other case cited by Plaintiff, *Hoopeston Canning Co.*, has nothing to do

25 with specific personal jurisdiction.  There, the United States Supreme court addressed

26 the narrow question of whether an out-of-state the business can be made subject to the

27

28

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

1  laws of New York as a condition of insuring property in that state, and the

2  circumstances under which a state can  regulate out-of-state businesses. *Id.* at 315.

3       In short, Plaintiff has failed to satisfy the second prong required for specific

4  jurisdiction.

5       **4.     Plaintiff Fails to Establish That the Exercise of Jurisdiction**

6            **Would Be Reasonable**.

7        Plaintiff has not satisfied the first two prongs for personal jurisdiction, and thus,

8  this Court need not reach the third prong, which requires that the exercise jurisdiction

9  over GHMSI be reasonable. *See Aton*, 2020 WL 4464482, at *9.  Even so, Plaintiff

10  has also failed to establish this prong.

11       Distilled to its essence, Plaintiff argues that it is reasonable for GHMSI to expect

12  to litigate in California where "its insureds" receive medical treatment, and that

13  California has an interest in protecting its medical providers ". . . from out-of-state

14  insurance companies and that persons and entities providing services in California will

15  not be forced to travel outside of California to vindicate their rights and legal claims."

16  (Opposition at p. 10.)   Plaintiff's position is misplaced.

17       As noted above, the patient is not one of GHMSI's "insureds."  GHMSI does

18  not insure benefits – it provides third-party claim administrative services for a self-

19  funded health plan sponsored by an out-of-state entity. (Rothman Decl. ¶¶30-34.) And

20  as noted above, courts in this jurisdiction and elsewhere, have flatly rejected the

21  exercise of specific jurisdiction over out-of-state health plans merely because the

22  patient/health plan enrollee receives health care services in the forum state.

23       And, as much as Plaintiff tries to characterize this case as a fraud case, it is

24  nothing more than a billing dispute between a health plan and a litigious provider. As

25  such, Plaintiff's much-touted California interest assertion is grossly exaggerated. *See,*

26  *e.g., Wiegering*, 2017 WL 1294907 at *9 ("... while the State of Florida had an

27  acknowledged  interest  in  adjudicating  torts  committed  against  its  citizens,  the

28

- 10 -

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
FAILURE TO STATE A CLAIM

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

1  Plaintiff's claims—at their core —are a billing dispute between a Florida business and

2  a Massachusetts-run healthcare plan. Accordingly, the Commonwealth of

3  Massachusetts has a similar interest in adjudicating a billing dispute involving the self-

4  funded healthcare plan of one of the largest companies headquartered within its

5  borders."

6  **B.    This Court Should Decline to Exercise Pendent Personal**

7  **Jurisdiction**.

8       Plaintiffs contend that, even in the absence of personal jurisdiction, the court

9  may, in its discretion, exercise pendent personal jurisdiction over the CareFirst

10 Defendants. *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174,

11 1181 (9th Cir. 2004). "Under this doctrine, a court may assert pendent personal

12 jurisdiction over a defendant with respect to a claim for which there is no independent

13 basis of personal jurisdiction so long as it arises out of a common nucleus of operative

14 facts with a claim in the same suit over which the court does have personal

15 jurisdiction." *Id.*

16      Plaintiff's position with respect to its pendant jurisdiction argument is

17 disingenuous.  Plaintiff has gone through great lengths in its FAC to separate its state

18 law claims from its ERISA claim for the specific purpose of avoiding ERISA

19 preemption of its state law claims.  Indeed, Plaintiff alleges that, "[t]he fact that

20 Medical Provider has a right to payment based also on an assignment made by the

21 Patient to Medical Provider is entirely separate and irrelevant to Medical Providers

22 individual right stated above."  Plaintiff also alleges that "Medical Provider relied and

23 provided services solely based on DEFENDANT's statements, promises and

24 representations. Statements which had no relation to DEFENDANT and Patient's plan

25 document, as the statements may or may not have been based in the DEFENDANT or

26 Patient's plan documents, but that bore no consideration when Medical Provider

27 agreed to provide medical services. Medical Provider took DEFENDANT at its word

28

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
FAILURE TO STATE A CLAIM

1   and promises and provided services based solely on those promises and

2   representations." (FAC, ¶¶21 and 47.)

3         These allegations make it clear that pendent personal jurisdiction is not

4   appropriate here.  Either the facts giving rise to Plaintiff's state law claims are

5   "irrelevant" to the facts giving rise to Plaintiff's ERISA claim (as Plaintiff alleges),

6   and the ERISA Plan, in which case, they do not arise from a common nucleus of facts,

7   or they are intertwined with the Plan, in which case, Plaintiff's state law claims are

8   preempted by ERISA.  Plaintiff cannot have it both ways.  Thus, the Court should

9   decline to exercise pendent personal jurisdiction in this basis alone.

10        Additionally, the Plaintiff has demanded a jury trial in the FAC. Consequently,

11  exercising pendent jurisdiction in this case would necessitate two separate trials -- a

12  jury trial for the state law claims, and a bench trial for the ERISA claim, as there is no

13  right to a jury trial in ERISA cases. *See Thomas v. Or. Fruit Prods. Co.*, 228 F.3d 991,

14  994-997 (9th Cir. 2000) (holding that plan participants and beneficiaries are not

15  entitled to jury trials for claims brought under, or preempted by, section 502 of

16  ERISA).  Such a result would be highly inefficient and cumbersome.

17        In any event, and as set forth below, Plaintiff's ERISA claim fails.   As such

18  there is no cognizable federal claim to serve as the anchor claim for Plaintiff's state

19  law claims for relief. *See In re JPMorgan Chase Derivative Litig.*, 2014 WL 5430487,

20  at *16 (E.D. Cal. Oct. 24, 2014) (noting that pendent personal jurisdiction would not

21  be appropriate in the absence of a federal claim providing for nationwide service of

22  process to serve as the anchor claim, and stating,  "[i]f [the] federal claim fails, it could

23  no longer provide a basis for pendent jurisdiction.")

24        **C.    Plaintiff's ERISA Claim for Relief Is Deficient**.

25        Plaintiff's argument in defense of its ERISA claim is premised on conjecture,

26  and ignores the express terms of the Plan.  Plaintiff argues that the Plan defines

27  "Allowed Benefits," under the Plan, ". . .  as **the lower** of the provider's actual charge

28

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

- 12 -

1  **or** established fee schedule, which, in some cases, will be a rate specified by applicable

2  law." (Opposition at p. 12, emphasis added.)  From this verbiage, Plaintiff asserts that

3  "it is entirely possible" that the Plan "could be" obligated to pay benefits based on its

4  billed charges – the higher amount. Thus, according to Plaintiff, its allegation is at least

5  colorably correct. (Opposition at p. 13.)  Plaintiff is wrong.

6          In the first place, Plaintiff's allegation that benefits "could be" based on its billed

7  charges is pure speculation, which cannot support a claim for relief.  *Bell Atl. Corp. v.*

8  *Twombly*, 550 U.S. 544, 555 (2007). Moreover, Plaintiff's argument and proffered

9  interpretation of the Plan is simply not plausible, because whatever pricing

10  methodology was used to determine benefits, *i.e.*, the local Blue Cross plan's pricing

11  or GHMSI's fee schedule, it was clearly the lesser option than Plaintiff's actual charge,

12  which is directly consistent with the terms of the Plan.  Thus, Plaintiff's suggestion

13  that benefits "could be" based on its billed charges makes no sense at all, and is at odds

14  with what the Plan actually provides.

15          And finally, so long as benefits are paid based on a methodology provided for

16  by the Plan, there can be no breach of the Plan. *See, e.g.*, *Zamora v. Solar*, 2016 WL

17  3512439 (C.D. Cal. June 27, 2016.).   Here, Plaintiff's ERISA claim all boils down to

18  Plaintiff's position that GHMSI picked a methodology it does not like. That, however,

19  will not support an ERISA claim.  In short, Plaintiff does not allege any facts showing

20  how the benefits that were paid for the services at issue violated the terms of the Plan.

21          Plaintiff's ERISA claim is thus deficient and should be dismissed.

22

23

24

25

26

27

28

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

- 13 -

MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
FAILURE TO STATE A CLAIM

**III.    CONCLUSION**.

For all of the foregoing reasons, GHMSI respectfully requests that its motion to dismiss be granted without leave to amend.

Dated:  April 26, 2022_                                    William E. von Behren
                                                                          Carol B. Lewis


                                                                          By: */s/ Carol B. Lewis*
                                                                                   Carol B. Lewis
                                                                                   Attorneys for Defendant
                                                                                   Group Hospitalization and Medical
                                                                                   Services, Inc. d/b/a CareFirst
                                                                                   BlueCross BlueShield, erroneously
                                                                                   sued herein as CareFirst BlueCross
                                                                                   and BlueShield

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

- 14 -