'O'      **JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BEVERLY HILLS REGIONAL
SURGERY CENTER, L.P.,

         Plaintiff,

   v.

GROUP HOSPITALIZATION AND
MEDICAL SERVICES, INC.;
and DOES 1-10,

        Defendants.

CV 22-01217-RSWL-MRWx

**ORDER re: Defendant's
Motion to Dismiss** [13] **and
Plaintiff's Motion to
Amend Complaint** [15]

Plaintiff Beverly Hills Regional Surgery Center,
L.P. ("Plaintiff") brings this Action against Defendant
Group Hospitalization and Medical Services, Inc. d/b/a/
CareFirst BlueCross BlueShield ("Defendant"), alleging
claims for fraud, negligent misrepresentation,
promissory estoppel, and violation of the Employee
Retirement Income Securities Act of 1974 ("ERISA").
Currently before the Court are Defendant's Motion to
Dismiss [13] and Plaintiff's Motion for Leave to File a
Second Amended Complaint ("Motion for Leave to Amend")

1

1  [15].  Having reviewed all papers submitted pertaining

2  to these Motions, the Court **NOW FINDS AND RULES AS**

3  **FOLLOWS**: the Court **GRANTS** Defendant's Motion to Dismiss

4  and **DENIES** Plaintiff's Motion for Leave to Amend.

5  I.    BACKGROUND

6  **A.    Factual Background**

7      Defendant is incorporated and has its principal

8  place of business in the District of Columbia.  Decl. of

9  Kim Rothman in Supp. of Def.'s Mot. to Dismiss ("Rothman

10  Decl.") ¶ 5, ECF No. 13-1.  Defendant insures businesses

11  that are incorporated in the District of Columbia, as

12  well as portions of Maryland and Virginia.  Id. ¶¶ 5, 8.

13  Defendant also functions as a third-party administrator

14  for certain self-funded health plans located in those

15  service areas.  Id. ¶ 9.  In this role, Defendant does

16  not insure the health plan or retain the insurance risk,

17  but it provides administrative services to the employer

18  from within its home territory in exchange for an

19  administrative fee.  Id.  Defendant does not receive

20  premiums from the plan or plan participants when acting

21  as a third-party administrator.  Id. ¶ 10.

22      Plaintiff is a medical provider organized under the

23  laws of California.  First Am. Compl. ("FAC") ¶ 1, ECF

24  No. 9.  On April 20, 2019, Plaintiff provided medical

25  services to Patient KH.  Id. ¶ 29.  Patient KH was

26  enrolled in a self-funded employee benefit plan ("Plan")

27  for which Defendant served as a third-party

28  administrator.  Rothman Decl. ¶¶ 28, 30.  The plan was

2

1   sponsored by its employer group, Arctic Slope Regional

2   Corporation Federal Holding Company ("ASRC").  Id. ¶ 28.

3   At the time that Plaintiff provided services to Patient

4   KH, Plaintiff was an out-of-network provider.  Id. ¶ 25.

5       About two months before the procedure, Plaintiff's

6   employee called Defendant to inquire about Patient KH's

7   payment responsibility versus Defendant's.  FAC ¶¶ 30-

8   32.  Defendant responded that Patient KH's deductible

9   was $800, that Patient KH's maximum out-of-pocket

10  expense was $4,000, and that Patient KH had paid $0 to

11  date for that calendar year.  Id. ¶ 33.  Defendant

12  represented that payment for certain procedures was

13  typically based on the usual, reasonable, and customary

14  cost for such procedures and not on the Medicare fee

15  schedule.  Id. ¶¶ 34-37.  Defendant did not reference

16  any term of the Plan that would cause a denial of

17  coverage or a limitation of payment on the services

18  provided to Patient KH.  Id. ¶¶ 39-40.  However, at the

19  time of this call, Defendant allegedly had access to

20  information that contradicted its representations, and

21  Defendant knew that it would in fact be making payments

22  based on the Medicare fee schedule.  Id. ¶¶ 41-43.

23  Plaintiff was not provided with a copy of the Plan and

24  thus relied on Defendant's representations.  Id. ¶ 46.

25      Following the medical procedure, Plaintiff provided

26  Defendant with a bill stating that Patient KH had

27  assigned all rights to reimbursement for medical

28  services to Plaintiff.  Id. ¶ 50.  Plaintiff provided

1  Defendant with all required billing information,

2  including a bill for $227,541.00.  Id. ¶ 60.  Plaintiff

3  alleges that Patient KH's Plan required Defendant to pay

4  the "Max Allowed Amount" based on Plaintiff's billed

5  charge.  Id. ¶ 54.  However, Defendant instead made

6  payment in the amount of $1,593.08 based on the Medicare

7  fee schedule.  Id. ¶¶ 57, 62.  Plaintiff alleges that

8  this payment was well below the payment required under

9  the Plan and the payment that was promised during the

10  phone conversation.  Id. ¶ 63.  Defendant allegedly

11  continues to refuse to make the appropriate payment.

12  Id. ¶ 64.

13  **B.   Procedural Background**

14        Plaintiff filed its Complaint [1-2] in the Superior

15  Court of California, County of Los Angeles, on December

16  29, 2021.  Defendant removed [1] the Action to this

17  Court on February 23, 2022.  Plaintiff filed its FAC [9]

18  on March 1, 2022, alleging claims against Defendant for:

19  (1) fraud; (2) negligent misrepresentation; (3)

20  promissory estoppel; and (4) recovery of benefits under

21  29 U.S.C. § 1132(a)(1)(B) ("ERISA claim").[1]

22        Defendant filed its Motion to Dismiss [13] on March

23  31, 2022.  Plaintiff opposed [18] on April 19, 2022, and

24  Defendant replied [19] on April 26, 2022.  Plaintiff

25

26        [1] The FAC labels both the negligent misrepresentation claim
and the promissory estoppel claim as the "Second Cause of Action"
and labels the ERISA claim as the "Third Cause of Action."  See

27  generally FAC.  For purposes of clarity, this Order will refer to
the promissory estoppel claim as the third cause of action and

28  the ERISA claim as the fourth cause of action.

4

1  filed its Motion for Leave to Amend [15] on April 12,

2  2022.  Defendant opposed [16] on April 19, 2022.

3  Plaintiff did not reply to Defendant's Opposition.

## II.   DISCUSSION

### A.   Legal Standard

#### 1.   Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted.  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted).  Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  A court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party.  Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991).  However, the court need not accept as true allegations that contradict matters

1   properly subject to judicial notice.  <u>Sprewell v. Golden</u>
2   <u>State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).
3   While a complaint need not contain detailed factual
4   allegations, a plaintiff must provide more than "labels
5   and conclusions" or "a formulaic recitation of the
6   elements of a cause of action."  <u>Bell Atl. Corp. v.</u>
7   <u>Twombly</u>, 550 U.S. 544, 555 (2007).
8        2.   <u>Rule 12(b)(2)</u>
9        Rule 12(b)(2) of the Federal Rules of Civil
10  Procedure authorizes dismissal of an action for lack of
11  personal jurisdiction.  Once a defendant moves to
12  dismiss for lack of personal jurisdiction, the plaintiff
13  bears the burden of demonstrating that jurisdiction is
14  appropriate.  <u>Schwarzenegger v. Fred Martin Motor Co.</u>,
15  374 F.3d 797, 800 (9th Cir. 2004).  Where the motion is
16  "based on written materials rather than an evidentiary
17  hearing, the plaintiff need only make a prima facie
18  showing of jurisdictional facts" to survive dismissal.
19  <u>Id.</u> (internal quotation marks omitted).  The court may
20  consider evidence presented in affidavits to assist in
21  its determination of jurisdictional issues.  <u>Data Disc,</u>
22  <u>Inc. v. Sys. Tech. Ass'n, Inc.</u>, 557 F.2d 1280, 1285 (9th
23  Cir. 1977).  The plaintiff cannot rely on the bare
24  allegations of the complaint, but uncontroverted
25  allegations must be taken as true, and conflicts between
26  statements contained in the parties' affidavits must be
27  resolved in the plaintiff's favor.  <u>Schwarzenegger</u>, 374
28  F.3d at 800.

1        3.   Leave to Amend

2        "The court should give leave to amend freely when

3    justice so requires."  Fed. R. Civ. P. 15(a)(2).   In the

4    Ninth Circuit, "Rule 15's policy of favoring amendments

5    to pleadings should be applied with 'extreme

6    liberality.'"  United States v. Webb, 655 F.2d 977, 979

7    (9th Cir. 1981).  Against this liberal standard, the

8    Court may consider "the presence of any of four factors:

9    bad faith, undue delay, prejudice to the opposing party,

10   and/or futility."  Owens v. Kaiser Found. Health Plan,

11   Inc., 244 F.3d 708, 712 (9th Cir. 2001).

12   **B.   Analysis**

13       1.   Defendant's Request for Judicial Notice

14       "A court may judicially notice a fact that is not

15   subject to reasonable dispute because it . . . can be

16   accurately and readily determined from sources whose

17   accuracy cannot reasonably be questioned."  Fed. R.

18   Evid. 201.  Accordingly, a court may judicially notice

19   matters of public record but not the substance of such

20   records if subject to reasonable dispute.  Lee v. City

21   of Los Angeles, 250 F.3d 668, 688-90 (9th Cir. 2001)

22   (stating that a court may take judicial notice of the

23   fact that certain court records were filed but not of

24   the truth of any facts stated therein).  In ruling on a

25   motion to dismiss, a court may also consider documents

26   that a plaintiff's complaint necessarily relies on if

27   the authenticity of the document is uncontested.  Id. at

28   688.

1   Defendant requests that the Court take judicial

2   notice of two documents: (1) the ERISA Plan documents

3   provided by Defendant to ASRC; and (2) an order granting

4   a motion to dismiss in another action.  See generally

5   Def.'s Req. for Judicial Notice, ECF No. 14.  The Court

6   **GRANTS** Defendant's first request because Plaintiff's FAC

7   necessarily relies on the Plan documents, and Plaintiff

8   does not dispute that the documents attached to

9   Defendant's Motion are in fact the Plan documents.  See

10  Korman v. ILWU-PMA Claims Office, No. 2:18-cv-07516-SVW-

11  JPR, 2019 WL 1324021, at *4-5 (C.D. Cal. Mar. 29, 2019).

12  The Court also **GRANTS** Defendant's second request because

13  the court order is a public record, and its existence is

14  not subject to reasonable dispute.  See Selane Prods.,

15  Inc. v. Cont'l Cas. Co., No. 2:20-cv-07834-MCS-AFM, 2020

16  WL 7253378, at *3 (C.D. Cal. Nov. 24, 2020).

17       2.   Defendant's Motion to Dismiss

18            a.   ERISA Claim

19       Participants in an ERISA plan may bring a civil

20  action to recover benefits due to them under the terms

21  of their plan.  29 U.S.C. § 1132(a)(1)(B).  To state a

22  claim for benefits under ERISA, a plaintiff must "allege

23  facts that establish the existence of an ERISA plan as

24  well as the provisions of the plan that entitle it to

25  benefits."  Almont Ambulatory Surgery Center, LLC v.

26  UnitedHealth Grp., Inc., 99 F. Supp. 3d 1110, 1155 (C.D.

27  Cal. 2015) (citation omitted).  Thus, a plaintiff

28  bringing "a claim for benefits under ERISA must identify

1  a specific plan term that confers the benefit in

2  question." Id. (citation omitted).

3     The FAC alleges that Patient KH's Plan obligated

4  Defendant to pay "the 'Max Allowed Amount' or 'Allowed

5  Amount' and that said amount was determined based on

6  [Plaintiff's] billed charge." FAC ¶ 54. Thus, the Plan

7  required Defendant to pay a percentage of all amounts

8  billed by Plaintiff. Id. ¶¶ 60-61. However, Plaintiff

9  fails to identify any term of the Plan that requires

10 Defendant to base the Allowed Amount on the medical

11 provider's billed charge. On the contrary, the Plan

12 provides that the "Allowed Benefit" for a covered

13 service performed by an out-of-network provider will be

14 "based on the *lower of* the provider's actual charge *or*

15 established fee schedule, which, in some cases, will be

16 a rate specified by applicable law." Rothman Decl. Ex.

17 1 ("Plan") at 4, ECF No. 13-2 (emphasis added). This

18 language gives Defendant an alternative to basing

19 payment on the medical provider's billed amount.

20 Because this language clearly contradicts Plaintiff's

21 allegation, the Court need not accept the allegation as

22 true. See Sprewell, 266 F.3d at 988.

23    Plaintiff fails to identify a term of the Plan that

24 Defendant violated by paying only $1,593.08 to

25 Plaintiff. Plaintiff alleges that Defendant's payment

26 was based on the Medicare fee schedule, see FAC ¶ 57,

27 but Plaintiff fails to explain how this violates the

28 terms of the Plan. Plaintiff has therefore failed to

1   meet its pleading burden for its ERISA claim.  See

2   Almont, 99 F. Supp. 3d at 1159 (holding that plaintiffs

3   bringing claims under § 1132(a)(1)(B) must allege that

4   the terms of the plan provide a specific reimbursement

5   rate for covered services and that defendant failed to

6   reimburse plaintiff according to that reimbursement

7   rate).  Plaintiff argues that its claim should not be

8   dismissed because "it is entirely possible that

9   [Defendant] was obligated to pay based on Plaintiff's

10  billed charge."  Pl.'s Opp'n to Mot. to Dismiss 13:6-8.

11  But the mere possibility of a Plan violation is too

12  speculative to satisfy the Iqbal and Twombly pleading

13  standards.  See Simi Surgical Ctr., Inc. v. Conn. Gen.

14  Life Ins. Co., No. 2:17-cv-02685-SVW-AS, 2018 WL

15  6332285, at *3 (C.D. Cal. Jan. 4, 2018) (finding ERISA

16  claim deficiently pleaded where plaintiff failed to

17  identify the plan terms and conditions purportedly

18  breached).

19      Plaintiff cannot evade its pleading burden based on

20  Defendant's failure to provide Plaintiff with Plan

21  documents before Plaintiff filed the FAC.  As

22  acknowledged in Almont, representations made by

23  Defendant over the phone may be relevant to an estoppel

24  or fraud claim but "are irrelevant as to whether

25  coverage existed under the terms of the Plan[]."  99 F.

26  Supp. 3d at 1159.  Because Plaintiff fails to identify a

27  Plan term that Defendant violated, Plaintiff's ERISA

28  claim must be dismissed.  The Court **GRANTS** Defendant's

1 | Motion as to Plaintiff's fourth cause of action.

2 |         b.   Personal Jurisdiction

3 |    Defendant asserts that the Court lacks personal

4 | jurisdiction over Defendant with respect to Plaintiff's

5 | first three causes of action.  See generally Def.'s Mot.

6 | to Dismiss, ECF No. 13.  Plaintiff counters that the

7 | Court has specific personal jurisdiction over Defendant

8 | for all claims.  Pl.'s Opp'n to Mot to Dismiss 4:11-12.

9 | Alternatively, Plaintiff argues that the Court has

10 | pendent personal jurisdiction over Defendant based on

11 | the nationwide service of process provided under ERISA.

12 | Id. at 11:7-9.  Because Plaintiff's ERISA claim is

13 | dismissed, the Court does not address whether that claim

14 | warrants the exercise of pendent personal jurisdiction.

15 | See United States v. Botefuhr, 309 F.3d 1263, 1274 (10th

16 | Cir. 2002).  Accordingly, the Court considers whether

17 | Plaintiff has established specific personal jurisdiction

18 | over Defendant for its state law claims.

19 |    A court may assert specific jurisdiction over a

20 | claim for relief that arises out of a defendant's forum-

21 | related activities.  Rano v. Sipa Press, Inc., 987 F.2d

22 | 580, 588 (9th Cir. 1993).  Specific personal

23 | jurisdiction is established if a plaintiff can show: (1)

24 | the defendant has performed some act or transaction

25 | within the forum or purposefully availed himself of the

26 | privileges of conducting activities within the forum;

27 | (2) the plaintiff's claim arises out of or results from

28 | the defendant's forum-related activities; and (3) the

1 exercise of jurisdiction is reasonable.  Axiom Foods,
2 Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1068 (9th
3 Cir. 2017).  The plaintiff bears the burden of
4 satisfying the first two elements.  Id.  "If the
5 plaintiff meets that burden, the burden shifts to
6 the defendant to present a compelling case that the
7 exercise of jurisdiction would not be reasonable."  Id.
8 at 1068-69 (internal quotations marks omitted).
9     As for the first element, a purposeful availment
10 analysis is most often used in suits sounding in
11 contract, while a purposeful direction analysis is most
12 often used in suits sounding in tort.  Schwarzenegger v.
13 Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir.
14 2004).  However, cases that primarily sound in contract
15 are typically analyzed under only the purposeful
16 availment analysis.  Sher v. Johnson, 911 F.2d 1357,
17 1362 (9th Cir. 1990); HK China Grp, Inc. v. Beijing
18 United Auto. & Motorcycle Mfg. Corp., 417 F. App'x 664,
19 665-66 (9th Cir. 2011).  Here, Plaintiff's claims sound
20 primarily in contract because the representation giving
21 rise to the alleged fraud is the same representation
22 that gives rise to Plaintiff's claim for promissory
23 estoppel.  Thus, the Court applies only the purposeful
24 availment analysis here.
25     A court has personal jurisdiction over a defendant
26 only where the defendant has "purposefully availed
27 himself of the privilege of doing business in a forum
28 state . . . such as [by] executing or performing a

1  contract there." Id. at 802.  However, the existence of

2  a contract between plaintiff and defendant does not

3  automatically establish minimum contacts in the

4  plaintiff's home forum; rather, there must be "actions

5  by the defendant *himself* that create a substantial

6  connection with the forum State." Picot, 780 F.3d at

7  1212 (quoting Burger King Corp. v. Rudzewicz, 471 U.S.

8  462, 475 (1985)).  In other words, the defendant must

9  have a relationship to the forum state beyond its

10  relationship to the plaintiff who resides there.  Id. at

11  1212-13.  "A defendant must have performed some type of

12  affirmative conduct which allows or promotes the

13  transaction of business within the forum state." Id. at

14  1212.

15      The FAC states that Defendant is licensed to do

16  business in California as an insurer or administrator of

17  insurance.  FAC ¶ 2.  It alleges that Patient KH entered

18  into a valid insurance agreement with Defendant that

19  required Defendant to pay for healthcare expenses

20  incurred by Patient KH.  Id. ¶ 7.  On February 26, 2019,

21  Plaintiff allegedly called Defendant to confirm the rate

22  Defendant usually pays for certain covered services, and

23  Defendant did not indicate that its payment in this case

24  would be any different from its typical payment

25  percentage.  Id. ¶¶ 34-40.

26      Defendant, however, provides evidence that its

27  relationship to Patient KH is more attenuated than the

28  FAC indicates.  See Healthcare Ally Mgmt. of Cal., LLC

1  v. Blue Cross Blue Shield of Minn., No. CV 16-7042-DMG

2  (AFMx), 2017 WL 7201870, at *6 (C.D. Cal. July 27, 2017)

3  (stating that jurisdictional allegations were not

4  entitled to a presumption of truth where defendant

5  presented contradictory evidence supported by

6  declaration).  Indeed, Defendant is not Patient KH's

7  insurer and did not enter into an insurance agreement

8  with Patient KH directly.  See Plan at 2 ("[Defendant]

9  provides administrative claims payment services only.");

10  Rothman Decl. ¶¶ 27-30.  Rather, Patient KH was enrolled

11  in a self-funded employee benefit plan sponsored by

12  ASRC, and Defendant has never received any payments from

13  or on behalf of Patient KH.  Rothman Decl. ¶ 31.

14  Defendant did not direct Patient KH to obtain services

15  from Plaintiff.  Id. ¶ 33.  Defendant's only role as the

16  third-party administrator of the Plan is to provide

17  claim administrative services to ASRC in exchange for an

18  administrative fee.  Id. ¶ 30.  Defendant's role in

19  overseeing a Plan that a California resident happens to

20  be a member of is insufficient evidence of purposeful

21  availment.  See, e.g., Healthcare Ally Mgmt. of Cal.,

22  LLC v. Blue Cross Blue Shield of Minn., 787 F. App'x

23  417, 418 (9th Cir. 2019).

24      The alleged representations made by Defendant over

25  the phone are also insufficient to establish purposeful

26  availment.  See Peterson v. Kennedy, 771 F.2d 1244, 1262

27  (9th Cir. 1985) (internal quotation marks and citation

28  omitted) ("Ordinarily use of the mails, telephone, or

1 | other international communications simply do not qualify
2 | as purposeful activity invoking the benefits and
3 | protection of the forum state."). Plaintiff argues that
4 | Defendant subjected itself to jurisdiction in California
5 | by affirmatively promising to pay Plaintiff for the
6 | services sought by Patient KH, but the FAC does not
7 | allege that Defendant specifically promised to pay for
8 | services sought by Patient KH. See FAC ¶¶ 30-37. Even
9 | if it did, the Court finds that Defendant did not
10 | purposefully avail itself of the benefits of California
11 | simply by promising to pay for covered services that
12 | Plaintiff happened to seek in California. See Hunt v.
13 | Erie Ins. Grp., 728 F.2d 1244, 1248 (9th Cir. 1984)
14 | ("The mere fact that [defendant] communicated with
15 | [plaintiff] in the state, and may have committed a tort
16 | in the exchange of correspondence, does not show that
17 | [defendant] purposefully availed itself of the privilege
18 | of conducting business in California."); see also
19 | Women's Recovery Ctr., LLC v. Anthem Blue Cross Life &
20 | Health Ins. Co., No. 8:20-cv-00102-JWH-ADSx, 2022 WL
21 | 757315, at *11 (C.D. Cal. Feb. 2, 2022); Aton Ctr., Inc.
22 | v. CareFirst Blue Cross BlueShield, 2020 WL 4464482, at
23 | *7 (S.D. Cal. Aug. 3, 2020). This is particularly true
24 | given Defendant's lack of control over who becomes a
25 | member of the Plan and where those members seek
26 | services. The Court cannot base jurisdiction on the
27 | unilateral activity of another who decides to seek
28 | services in California. See Hunt, 728 F.2d at 1248.

1    In sum, Plaintiff has failed to establish that
2  Defendant has purposefully availed itself of the
3  privilege of conducting business in California.  The
4  Court therefore **GRANTS** Defendant's Motion to Dismiss for
5  lack of personal jurisdiction.
6    3.   Plaintiff's Motion for Leave to Amend
7    While "leave to amend shall be freely given when
8  justice so requires, it is not to be granted
9  automatically."  In re Western States Wholesale Nat. Gas
10  Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013)
11  (internal quotation marks and citation omitted).
12  "Futility of amendment can, by itself, justify the
13  denial of a motion for leave to amend."  Bonin v.
14  Calderon, 59 F.3d 815, 845 (9th Cir. 1995).
15  Accordingly, leave to amend may be denied on futility
16  grounds where a proposed amendment would be subject to
17  dismissal.  Starlight Cinemas v. Regal Ent. Grp., No. CV
18  14-5463-R, 2015 WL 12748633, at *1 (C.D. Cal. Feb. 4,
19  2015) (citing Carrico v. City & Cnty. of S.F., 656 F.3d
20  1002, 1008 (9th Cir. 2011)).
21    Defendant argues that Plaintiff should not be
22  permitted to amend its complaint because the proposed
23  Second Amended Complaint ("SAC") does not cure the FAC's
24  deficiencies, and amendment would therefore be futile.
25  See generally Def.'s Opp'n to Mot. to Amend, ECF No. 16.
26  Plaintiff provided no substantive argument in its Motion
27  as to why its proposed amendment cures the deficiencies
28  of the FAC and failed to file a Reply in response to the

1   arguments raised by Defendant.  The Court concludes that

2   the proposed SAC fails to cure the deficiencies of both

3   the ERISA claim and the Court's personal jurisdiction.

4   The Court therefore **DENIES** Plaintiff's request for leave

5   to amend its complaint.

6              a.   ERISA Claim

7        As relevant to the ERISA claim, Plaintiff's

8   proposed SAC adds the exact language from the Plan that

9   defines "Allowed Benefit" as the lower of either the

10  medical provider's actual charge or the established fee

11  schedule.  See Stieglitz Decl. in Supp. of Mot. to Amend

12  Ex. A ("Proposed SAC") at 12-13, ECF No. 15-2.  However,

13  the proposed SAC still fails to explain how Defendant's

14  payment violates this Plan language.  For the reasons

15  state above, Plaintiff fails to satisfy its burden for

16  pleading an ERISA violation.  Allowing amendment on this

17  basis alone would be futile and would result in

18  dismissal.

19             b.   Personal Jurisdiction

20       Plaintiff includes facts in the proposed SAC that

21  presumably attempt to establish personal jurisdiction

22  over Defendant in two new ways, neither of which are

23  persuasive.  First, Plaintiff adds ASRC as a defendant

24  and alleges that nearly all of Defendant's acts were

25  committed on behalf of ASRC, a foreign company

26  registered to do business in California.  See Proposed

27  FAC at 2, 9-14.  Second, Plaintiff includes facts about

28  a second phone conversation it had with Defendant on

1 | April 15, 2019.  Id. at 10.

2 |     Plaintiff seems to include facts establishing an

3 | agency relationship between Defendant and ASRC for the

4 | purpose of imputing any jurisdiction the Court may have

5 | over ASRC to Defendant.  The Court has found no

6 | authority to support such a theory.  While it is well

7 | established that the actions of an agent are

8 | attributable to the principal for purposes of specific

9 | jurisdiction, see Sher, 911 F.2d at 1362, it does not

10 | follow that a court's jurisdiction over a principal

11 | should be imputed to the agent based on the mere fact of

12 | the agency relationship.  Rather, "jurisdiction over

13 | each defendant must be established individually."  Id.

14 | at 1365 (rejecting the notion that jurisdiction over a

15 | partnership established jurisdiction over the partners

16 | because "jurisdiction depends only upon each defendant's

17 | relationship with the forum").  Thus, allowing Plaintiff

18 | to add ASRC and allege an agency relationship for the

19 | purpose of establishing personal jurisdiction over

20 | Defendant would be futile.

21 |     The SAC also seeks to add facts about a second

22 | phone call Plaintiff made to Defendant on April 15,

23 | 2019, during which Defendant confirmed that the

24 | procedures sought by Patient KH "were authorized" and

25 | that no "pre-certification or pre-determination was

26 | needed."  Proposed SAC at 10.  These additional facts do

27 | not establish Defendant's purposeful availment because,

28 | as stated above, Defendant cannot be subjected to this

1  Court's jurisdiction simply because of its telephonic

2  confirmation that certain services were covered by a

3  self-funded plan for which it serves only as an

4  administrator.  Moreover, Defendant did not initiate

5  these calls and Plaintiff does not allege that Defendant

6  ever affirmatively promised to pay a certain amount for

7  Patient KH's procedures.  See Healthcare Ally, 787 F.

8  App'x at 418 (finding insufficient evidence of

9  purposeful availment where defendant did not initiate

10 phone calls with medical provider and "did not promise

11 to pay for the patients' medical services . . . but

12 instead merely confirmed that the patients were covered

13 by the policies").  Therefore, allowing Plaintiff to

14 amend its claims to include these facts would also be

15 futile.

16     In sum, the proposed SAC does not include any facts

17 that would cure the FAC of the deficiencies outlined in

18 this Order.  Amendment would therefore be futile, and

19 the Court **DENIES** Plaintiff's Motion for Leave to Amend

20 on this basis.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

19

## III.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss.  The Court **DENIES** Plaintiff's Motion for Leave to Amend because Plaintiff's proposed SAC fails to cure the deficiencies outlined in this Order.

**IT IS SO ORDERED.**

DATED: June 3, 2022

/s/ Ronald S.W. Lew
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge